The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw a nine and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Be seated. In re. John Moore. Ms. Baldwin. Good to have you here. Melissa Baldwin on behalf of the petitioner John Henry Moore. May it please the Court. 28 U.S.C. section 455b1 contains a bright line rule. A judge shall disqualify himself where he has personal knowledge of disputed evidentiary facts concerning the proceeding. That rule applies here, where the judge actually prosecuted a prior conviction and that prior specific inquiry to increase the statutory punishment in this case. Mandamus is appropriate because the disqualification is clear. It is tainting the proceedings now and it needlessly undermines the judiciary's integrity. Can I ask you a question? What if I think under the mandamus standard, and just assume this hypothetically for a prior conduct related to this robbery conviction became an issue. But I didn't think it was clear and undisputed that that meant he has to recuse now, that partial recusal wouldn't fix the problem. Because it seems as though some courts have suggested that partial recusal could be appropriate in a case like this. Then what do I do? Well, I would say you go back to the statute, which is subsection b1. And in partial recusal, it is very rare. There were only three cases we could identify where it was used. And those all involved unique circumstances that justified the approach. None involved a subsection b1 conflict like we have here. And the problem with partial recusal here is that you would be employing it because you see the judge has a disqualifying conflict of personal knowledge that could infect the case. But you still want the judge to be involved in the case. But the judge said he didn't know. Didn't he? Well, contrary to the judge's ruling, you can have personal knowledge even if you don't have a specific recollection. He said he didn't remember. Maybe that's what he said. Right. But you don't need specific recollection of the case to have personal knowledge. And that's because there is both constructive personal knowledge, as the 11th Circuit found in Murray, where they said a judge is presumed to have personal knowledge. So I understand that argument. But I mean, I just think it's important for me, at least, to recognize that Lewis is an appeal case. It's not a mandamus case. And I understand the logic of Lewis. And it has some appeal to it. I'm not sure whether it's right or not. It's not apparent to me that when you say personal knowledge, it doesn't mean personal knowledge, like actual knowledge. But I accept that we could have a discussion about whether that ruling is correct or not. But you've got to show that it's, like, indisputably clear. I mean, we've had lots of conversations about the extraordinary burden that mandamus presents. But it seems like to me here, you've got two or three different steps on this process that we would have to find, even if I might well have recused myself had I been in the shoes below, I don't get to make that decision. I have to make the decision. At each step, it's indisputably clear, both that the judge's statement about his knowledge is false. That has to be indisputably clear. It has to be indisputably clear, as Judge Harris pointed out, that if there's a potential for a dispute about a fact down the road, that that requires current recusal. And I think you have reasonable arguments. We could keep going. But I'll just use those two examples. And you've got reasonable arguments on both of them. But what you have to do is combined, you know, even if you were 70% right on the first one and 70% right on the second one, that still means that you're less than 50% as a combined likelihood. And I'm not saying we use statistics here, but you've got to show it's an indisputably clear right of recusal. And that seems really hard, given the questions that are at issue. It is really hard. But we have met that here. So you say it's an, what, an objective test? It is an objective test. The Supreme Court says it. So the use of the term false is not really correct, is it? Yes. So I was going to say, you do not have to find that the district judge's representation of no memory is false. It's just, sorry, excuse me. No, if he misconstrued it and thought it was a subjective test. Exactly. The district court's ruling is purely subjective. Not once in the district court's ruling. He said, I don't remember this fellow. Is that what it was? What did he say? What did he say? The district judge said that he has no memory whatsoever and he will sit as any other judge did. He has no memory. And you say that doesn't cover it. And is that objective? I'm actually, that's an interesting question I've not thought about. But wouldn't knowledge, like personal knowledge, isn't that necessarily subjective? Right? Whether a particular person, it's not whether a reasonable person would have knowledge. Like having personal knowledge, by defining knowledge as personal, doesn't that mean it has to be subjective? It's whether that person has knowledge. No, it doesn't. Because as the Supreme Court recognized in Williams v. Pennsylvania, the personal knowledge can be unconscious. In which case, the district judge absolutely would have no specific recollection of the case. But he would nonetheless have unconscious. Which is the case again? Williams v. Pennsylvania, and it was at 1906, where the Supreme Court recognized that a prosecutor's prior involvement in a prosecution 29 years earlier presented a due process risk because his knowledge of that prosecution could unconsciously enter into the case. But that's a different question. That's not construing 455B1, right? That's saying, and you've not raised a due process claim here. It doesn't appear. You've raised a statutory claim. I'm not sure that Williams v. Pennsylvania addresses whether personal knowledge here  Sorry, I didn't mean to cut you off. I just have sort of a, I do find all of this very difficult. My practical concern, which is related to how bad my memory is, is that how does this work? The concern I would think would be that even if the judge doesn't remember now, what is going to remind him is precisely the problem. That if these facts become relevant at the sentencing hearing, that's when he's going to have the aha moment. Like, I don't remember the cases I heard yesterday. But when I go back and look at my notes, I hope I will remember them. And that's usually the way it works. So I guess is the idea that the judge could then make sort of a call right then when he opens the papers. Oh, hang on. Now I remember. And I'll recuse. I have concerns about the process. And I guess I want to share them and give you a chance to address them. Right. And so the statute, I do want to point out the statutory text here prohibit, does not prohibit the district judge from actually using personal knowledge to resolve a dispute. It is far broader than that. It applies to the possession of personal knowledge of a dispute. And so what dispute of the disputed evidentiary facts. And so going back to, yes, the, the personal knowledge is on a sentencing enhancement in this case. And that sentencing enhancement hasn't been litigated. But nonetheless, the personal knowledge is relevant in this prosecution. Now, the notice has been filed. This is a three strikes case where the judge is assigned to preside over a hearing where he will have to adjudicate the dispute. And this is one of the strikes. Yes. And so the fact that the fact that the point of contestation has not occurred in the case yet does not mean section 455 B1 doesn't apply. The 11th Circuit found the reverse in Murray, where they, where they ordered the case to be done over because the judge's possession of personal knowledge stripped him of statutory authority to hear the case. So it had to be all done over, even though he never had occasion to address the issue on which he had personal knowledge. And indeed, doesn't that go to the other mandamus problem? I mean, I think this is a totally different case if we're after a result. But at this stage, part of what you've also got to show, in addition to being indisputably clear, is that you lack ability to get a remedy. And the cases that you continue to cite to us, I think appropriately, like Lewis and otherwise, are all, you know, post-sentencing appeals based on the very issues that you're raising here. And I get there have been instances in which the court has, has not given that significant discussion. But why isn't that also in the same idea? Even if we, you know, would agree with you that maybe the better course of action would have been recusal, why wouldn't that be a remedy available after conviction? Because we are talking about judicial disqualification here. And as the Third Circuit, Third Circuit said, mandamus is both necessary and appropriate to ensure that judges do not adjudicate cases that they have no statutory authority to hear. And virtually every circuit has so held. So the problem here is... Have we? Has the Fourth Circuit held that? The Fourth Circuit has held in Ray Rogers that writ of mandamus was necessary to recuse someone who was disqualified under 455B because his law partner was... It was necessary in that case, right? But it doesn't address... I think I remember the case that you're describing, but I don't recall it addressing... I mean, it was just silent on this question of whether it was redressable after the final judgment was entered. Right. And so I don't believe Rogers specifically addressed redressability. However, even though the First Circuit decisions in Bulger and the D.C. Circuit in In Re Al-Nashiri involve the appearance of impropriety, they are still relevant under 455B1. And in those cases, they say that the public... That the judiciary's reputation is harmed by allowing a judge we know to be disqualified without statutory authority to nonetheless continue presiding over the case. So even if you were to grant some sort of remedy to us from final judgment, you would not be remedying the harm to the judiciary's reputation from allowing a disqualified judge to knowingly proceed over a mandatory life case where the facts of a conviction he prosecuted could determine whether or not Mr. Moore spends his life in prison. So I also just want to go back to... What about the fact that the record here has been expanded, has it not? Yes. We filed a supplemental joint appendix at this court's direction. Why didn't y'all dig all that stuff out to begin with? We had... We were told by the clerk's office that they only possessed the docket sheet we originally submitted. It was only after our third request when the government had also submitted a request for the documents that we received... As soon as we asked for it, it came in really fast. Yes. That's the part I don't understand, why you didn't make a record. It doesn't seem to me like the judge hadn't seen the papers in the 1989 case, correct? Correct, but he was the prosecutor in the 1989 case. He was the prosecutor, and you said he was the prosecutor, but he could have been the prosecutor in different capacities. As it turns out, he signed the indictment, he signed a plea agreement, and things like that. He was the prosecutor for a long time, and he was a darn good one. It seems to me that he should have been given the entire record before somebody asked him to get out of the case. Well, the docket sheet did disclose that he adjudicated the bail hearing and he was the case. The briefing did not rely on the supplemental record in this case. Given... Since we've started talking just a little bit about it, I'm curious your interpretation. I'm going to ask your colleague, hopefully one of the two of you knows. The bail determination in the supplemental joint appendix refers to two separate bank robberies, or at least is my interpretation of it. I don't want to suggest that I follow it exactly. And the indictment refers to two charges, different statutory offenses, but both on the same day, neither of which has at least enough information for me to determine whether they were the same bank robbery or whether they were separate bank robberies. Do you... Well, I can tell you I know that the case involved four separate bank robberies. They were separately indicted and there was a global resolution in the plea agreement that's in the supplemental joint appendix. And I just want to briefly address Judge Harris's point on partial recusal. First of all, the district judge's response here is he will not partially recuse. He intends to preside over sentencing in this case. And so regardless... He intends based on the information he has now. I mean, that's always the case in these scenarios, right? That maybe when he looks at this information, as Judge King suggests, he looks at it and he's like, oh, I remember this guy. I mean, I'm a little bit like Judge Harris. Please don't tell me a case name from yesterday because I've got nothing. But you give me some documents and I look at it and it makes a lot more sense to me. And certainly we should not assume that if he looked at this information or he saw additional information that was pertinent that he wouldn't in that instance recuse. And if he didn't, then maybe you would have a much stronger claim for mandamus at that point. My time's up. I'm going to just briefly address... Answer the question as long as you... As long as they keep coming, that's what I'd say. So, yes, the judge can reconsider. But our position is the disqualification is clear now. And it's influencing the proceeding now, which is why partial recusal is not... And that was your position at the beginning before you came up here. He needed to recuse it. But you didn't have... The record is more complete now. And he... What Judge Risch was saying, you didn't give him a full shot at it because you didn't give... You didn't come up with the record. That is true. And, you know, as we told the panel, we tried to get the documents originally before filing this. We were told by the clerk's office they only had the docket sheet. It was only when we made a third request and the government submitted a simultaneous request that we got the record, the full case record that's in the supplemental joint appendix. Had we received that beforehand and were, you know, accurately told... Does that make your case any stronger, any weaker, or does it not change it at all? I think it makes the case for sure stronger because it sets up a problem where the judge could be in a position where he has to assess whether or not to credit his own representation regarding a firearm's involvement. So that, in and of itself, is extraordinary that the district judge would be in a position where he would have to find himself credible in representing a firearm involved in this case to trigger a mandatory life sentence. But do we even... It doesn't strike me that... I can't tell that from the record, right? Because the only thing you've got that suggests that there was any representation that a firearm was involved is the supplemental joint appendix 10. But it doesn't specify which bank robbery. And it's... There are at least two. He pled guilty to one. I take count one and two of the indictment to refer to the same bank robbery. One's forced, one's non-forced. Not perfectly clear, but that's my best read. I hope your colleague can clarify that. But that means that there was a second indictment somewhere for a second bank robbery, and it may well have been that bank robbery, which he did not plead guilty to, that was represented to involve a gun or not. I have no idea. And I suspect neither does Judge Conrad at this stage. And I'm curious why your colleague doesn't know. But regardless, that's the record we've got, no? That is the record we've got. If you would like some clarification... Maybe the record's not complete yet. Well, you know, the record we have, we believe there is a clear disqualification under 455B1 based on the record prior to the supplemental joint appendix because the judge actually prosecuted a prior conviction, and we know that prior conviction is subject to a conduct-specific inquiry, and that determination could lead to an increase in the statutory punishment. So we say under subsection B1 that is enough to require disqualification. Good. Thank you very much. Thank you. Mr. Enright? I don't love stopping you before you start. Certainly not. But can you, based on the record, I don't want you to go outside of the record. You may know this information based on extra record discussions or otherwise. I'm not asking that because I don't think we can consider it. Based on the record, can I tell anything about the supplemental joint appendix 10 reference to a firearm and whether that has any connection to the count to which he pled guilty that's included in the supplemental joint appendix? I don't think it can tell you. That alone can tell you too much. What do you mean by too much? Tell me what it can tell me, if anything. Well, it can tell you that there was an allegation of a firearm, but what it was in connection with specifically or the circumstances, I don't think there's anything in the record like that I can tell you. I personally don't know any more about it. That's not to say someone doesn't, but I don't. But there is a actually helpful motion by the defense counsel in there that lays out that there were four separate indictments, each one of them charged bank robbery. You mean a motion in 1989 or a motion now? A motion in 1989 for a continuance that just laid out for the court there were four indictments, each one of them charged bank robbery and bank larceny of a separate bank. That doesn't answer the question, but at least in connection with this, and then we know from page 10, S.J. 10, that the docket numbers are 90 and 91, and then there were two other docket numbers associated with two of the other indictments. But I don't think we know more than that. So let me back. I just want to make sure I'm interpreting the records correctly. When I look at S.J. 27, and if I can't tell this from the record, I'm not trying to get you to go beyond the record. I don't know much more beyond the record. Okay. If I look at S.J. 27, it says count one in each case. Yes, sir. But the record that we've got before us only includes one of the four indictments that is being referenced there. S.J. 7 is one indictment, two counts, one bank, one larceny, one force. That's A and B of 2113. That's one of them. Yes, Your Honor. But there are three more that we still don't have the record for. I think that might be correct, Your Honor. Do you know off the top of your head? I guess I can't really ask you that. I want to know whether they charged 2113D on any of the other three, right? Yes, Your Honor. I think the answer is no. But the point, I guess I don't want you to answer it if it's not in the record. I mean, that's part of my problem here is I have trouble figuring out what is actually happening. The answer might be in the plea agreement or the judgment. I think they might say what was dismissed. But they aren't what the charges are. The plea agreement, that's hearsay. It's based on the indictment or something. That's true, Your Honor. Well, right. It looks to me like we still don't have the record. I mean, you're talking about three other indictments. Your Honor, I think this is honestly what a problem,  Yeah, that they moved prematurely. I know that. But they've got a guy that's facing a life sentence, too. I mean, they've got to do whatever they can do. And all these lawyers have got an obligation to get the record right for us. I mean, we want to try to get the answer right. That's true, Your Honor. I can tell you that when I've spoken to the court about this, most people are not familiar with the record-keeping practices from 30 years ago. What we did was we sent the court's order. One of these judges sitting up here is familiar with it from more than 30 years ago. Fortunately, That's not me, by the way. It's been the help of some good folks who are familiar with that that have been helpful. But we sent this court's letter, which identified, I think, the CR-91 number, to the district court and asked, if you have this record, the Court of Appeals really would like us to provide it. I think the court sent to us and to defense counsel the exact same thing. I think that's what's in the supplemental joint appendix. In other words, we asked for the wrong thing. I mean, that suggestion there is, in addition to 91, we needed to ask for 90, 130, and 131. Or at least we needed to ask for 90, because 90 is the one example of those four indictments that included three charges, not just two, suggesting, although by no means like any real evidence of it, suggesting that that was the indictment that included the D charge and not just the A and B that went with the other three counts. Perhaps, Your Honor. I mean, I think... But that's all speculative at best. Well, one thing I'll let this court know... Those perhaps things that you don't know either. I don't know either. When you say, I think, you don't know either. I know very little about this case. But Judge Harris has got a question. Oh, I just... Certainly, Your Honor. I just had a... I mean, I don't want to cut off the questions about the record, which I also found hard to get my hands around. But on the record, we have it now. I'm just not clear. Is the government's position that the judge could conduct the sentencing, assuming all the contingencies materialize? Oh, no, no, no, no. So you think the judge could not conduct the sentencing? Well, I think... Assuming that the conduct underlying the 1989 robbery conviction has put at issue in a safety-bound event. If there is a real dispute about conduct of which Judge Conrad has personal knowledge today or probably even had personal knowledge at one time, recusal would probably be appropriate at that time. I mean, the court would certainly have to take a real hard look at it. Okay. But so what do I do in this case then about the fact that, at least as of now, the district court has said, I have looked at it and I'm not recusing, not even at sentencing? Well, I don't think the court has said that, Your Honor. The court has. It is worth looking at what the court... He said he wanted to make it pollucively clear. He wanted to... Well, what I think he said he wanted to make pollucively clear was exactly what he... And he... That was what Judge Conrad said. He wanted to correct any misapprehension of what he had previously said at the hearing. And at the hearing, he said, it really doesn't affect in any way the trial aspects of this case. It comes into play if there is a conviction and that prior conviction becomes relevant, if at all, with respect to sentencing. As I sit here today... And the only thing he knew was a speculation that this might come up. As I sit here today, I'm like any other judge. Not I would be like any other judge if this evidence were in front of me and I had evidence about my personal communications back in 1989 to adjudicate. He never considered that because that was never put in front of him. As I sit here today, I'm like any other judge. The resolution of that issue would be based not on any personal recollection I have today but on whatever the parties can show me through the pre-sentence report and any other information or evidence you present to the court.  All right. But the second letter says... I mean, this would be helpful to me. So you think when the court says, look, I'm making pollusively clear the fact that I prosecuted this case 30 years ago has no bearing on the trial and sentencing, if necessary. I have no memory of the case whatsoever in a parenthetical and I have the resulting ability to sit like any other judge. Disqualification is not required. You think he's saying, maybe I'll disqualify myself. I don't think he's saying, I don't think he's expressing any opinion on that. You don't think he's expressing an opinion as to whether disqualification is required given that it says accordingly disqualification is not required. No, I think he is expressing an opinion on whether disqualification is required today. I don't think as judge... It says the sentencing. I mean, this is, okay. I understand that, Your Honor. You can see how one might read this as a judge saying, I'm not disqualifying at the sentencing. Yes, Your Honor, but you have to read it as Judge King alluded to in the light of the facts presented at the time as any other judicial statement. My suspicion is that... And what would the additional facts would be what? Well, I have no idea. What might change his mind. What might change his mind would be an actual, first, he's convicted at trial so the issue has a possibility of coming up. But that's what he's saying here. He's saying it will have no bearing on the sentencing. If it occurs. But beyond that, what I think might change his mind, and I don't know, but might be the defendant says, look, I have evidence based on what a witness statement that a witness said to you. And then we dispute it. That's what B1 says. Disputed evidentiary facts. Okay, I'm sorry. I just... One example could be that, you know, there's a conviction and you all get together and you gather evidence and submit briefs with respect to the three-strike law. And in doing so, you describe a particularity of that bank robbery. Like, you know, I prosecuted a bank robbery that happened during an eclipse. Right? And so I happen to remember that guy's name. But, like, if you said, oh, the bank robbery happened during the eclipse. Like, even if I didn't remember the name, I would remember that bank robbery. And so that type of information, facts that triggered a memory in his mind, which certainly I don't think precludes him at all from reconsidering the decision. No, it might be that if he remembers. It was a genuine question. So you think what might change his mind is right now he doesn't remember, but if something jogs his memory, he might recall. I don't think it needs to be something jogging his memory. I think it just needs to be a presentation of facts. Oh, this looks like facts of which I had personal knowledge at one time. I think if you look at the Lilsberg decision,  But so I think if Judge Conrad saw facts, you know, the hypothetical. Well, I mean, that's not binding on him. It's not binding on us. I mean, that may well be right at the end of the day. Well, I'm talking about the Lilsberg Supreme Court decision, not the Fifth Circuit decision. Okay, I'm sorry. I thought you meant the Lewis decision. No, which one are you talking about? Lilsberg. You talking about the Lilsberg Penitentiary? Is that where it comes from? Oh, well, I don't know. I'm sorry. I'm probably mispronouncing it, Your Honor. Lilsberg v. Health Services Acquisition Corp. 486 U.S. 845. I think we both cited it. But the court said, The judge's forgetfulness is not the sort of objectively ascertainable fact that can avoid the appearance of impartiality. It's, of course, talking about 455A. Totally get A. But A seems like a different argument. And we can have a totally different discussion about A. I think it's different for B. Right? I mean, that to me is a distinction. Can I ask a doctrinal question and not a factual question? Sure. Shouldn't we read B-1 in light of B-3? B-3 is a narrow sort of recusal provision for government lawyers. Right? That sort of says, unlike most people, government lawyers, we do narrow recusals. Does that affect at all our interpretation or analysis of B-1? I think it can, Your Honor. I'm not entirely sure what effect you're thinking of. Because, for example, a private lawyer who had represented the very defendant might well have a conflict once they join the bench under B-2. But the narrow exception for government lawyers seems to have some bearing on that. Well, it gives government lawyers a bit wider berth because it would otherwise require a recusal of every judge. If you had, for example, a rule that said anyone who's ever represented a party can't. When I did my ethics training in the government, they were really clear on this. Like, the employment exclusion is one thing. But if you have personal knowledge, you can't sit on that. Yes. I don't think it changes that. Ultimately, you need personal knowledge of a disputed evidentiary fact. Here, what we don't have is a disputed evidentiary fact yet. So there's no way to assess for the district court or this court to say the district court has personal knowledge. I don't think that changes. I don't think B-3 changes that. No, but what it seems to me to say is that we should not presume knowledge from mere fact of representation. Oh, absolutely, Your Honor. And so in interpreting what knowledge means, it makes it harder to, I think, to make this constructive knowledge idea. Yes. Because if you interpret personal knowledge to mean something broader, constructive knowledge, not personal knowledge, but constructive knowledge, then you read out a significant portion of B-3. I mean, that's what I'm getting. If he's got actual knowledge, it's really easy, right? But at least according to what he said, he does not have personal knowledge today. Maybe he develops in the future. And I guess to – I mean, is that not – I think that's a very fair thing. And this court even has one to Temple where it was a private party. The judge had represented an adversary to a bankruptcy fraud defendant and had sent them letters trying to collect a debt from that defendant. And this was a victim of that bankruptcy fraud. And five years later, he was on the bench. And the court said, well, look, that's fine. That was not an issue actually litigated in the case. And it was significant to the court, by the way, that the actual debtor and that debt didn't come up in the trial. That's what we don't know. We don't know if there's something significant about 1989 that's going to come up and actually be disputed or not. It could be that when we have all the facts, one of us looks and says, oh, this is so obviously not a gun or threat case that we're not going to pursue it. Or it so obviously is that we're going to focus on the other issues. It may not come up at all. Of course, if he's acquitted. Can I just ask you – this is a practical concern I have about this case and the posture we're getting in. And it goes to the first question I asked your colleague. If – just please assume totally hypothetically, what if I thought the defendant was right, just putting to one side the mandamus standard. But let's just assume I think the defendant is right. That the best way to read this statute – and on the record we have the judge can't sit on the sentencing if all of these contingencies materialize. There might not be a sentencing. There might not be a three strikes motion still there. Sure. But assuming it all plays out the way it might, the judge can't sit on that sentencing. Partial recusal isn't the right answer. I agree with the courts that it's certainly strongly disfavored partial recusal. So if I were getting this case on direct review, that's what I would be inclined to say. I understand, though, that we're on mandamus and so the standards are all very different. But the thing I'm trying to head off, sort of coming down the pike, is what if this case goes forward, the contingencies materialize, the judge does what I think the judge at least can be understood as saying he's going to do, which is I'm sitting on that sentencing. Then the case comes back to me on direct appeal and I have to undo the entire thing because I think the judge should have recused before trial. So it's not just the sentence that goes out. It's the whole conviction. It's just a really practical question. So what should a judge like that do? So I think the answer is clear because the standard for mandamus is you can't get mandamus if an appeal is available. And there are examples, including the – Then why do we ever have mandamus in these cases? Mandamus is for a situation where the conduct is – the thing that's going to occur – Well, the appeal is not available. There's not a final order on the case, right? I'm sorry, Your Honor. I didn't understand that. There's no appeal. He hasn't been sentenced yet. That's the final order in a criminal case normally. When he has been sentenced. That's the final order after the sentence. But he's been sentenced on the prosecution here? Your Honor, I'm sorry. I'm not – I think I'm missing half your question. Pre-trial. It's pre-trial now. Yes. And so we're not going to get a final order until he has been sentenced. Right. That is routinely the remedy asked for in this court. Please, send it back for a new trial or a new sentencing. And I would note that there are several decisions – But why is the government so happy about that? I mean, I feel like every time – not every time. Oh, Your Honor. But often the government is telling me, boy, it's really expensive to retry cases and to – it's even really expensive and resource intensive to resentence people. And it just strikes me – I mean, in the Seventh Circuit, right, you have to raise these things by mandamus for exactly these reasons. They don't want to have a whole trial and sentencing knowing full well that on direct appeal they're going to reverse. Well, Your Honor, honestly, there's plenty of circumstances where it would be easier for us to just find out what Your Honors would think of an issue before we litigate a whole case, before we finish an investigation, a suppression issue. It could take out the entire trial. It could be a six-week trial. It could be years of discovery all undermined by a decision that could have been fixed early on. But that's not what the law is. And I don't mean to suggest I'm happy about this. We took the position that Judge Conrad could go either way in terms of his own discretion in the district court. But the law is really clear. The mandamus law. The mandamus is only available if an appeal is not. And the decisions – But then why do we – I mean, as I said, in the Seventh Circuit, you have to go by mandamus to preserve your objection. In every other circuit I've seen, there are at least cases where people do hear these disqualifications on mandamus. And theoretically, you could always get your reasons. Those mandamus cases, at least the ones cited by the defendant, all have one thing in common. The allegation is one where a reasonable observer could believe that the judge is partial in the sense of showing favoritism. They favor one party or another because they went to an all-expense-paid pro-plaintiff thing. Or they have an application in the Department of Justice at the time. Surely a reasonable observer here, an outside objective observer, told that the judge has actually prosecuted the defendant in a prior case, could have questions about partiality. So the defendant – first, two answers to that. First, there's a – there's pretty well-established law. There's the Seventh Circuit decision in Simon, which is right on point. He did prosecute him before, but the issue is not going to be before the court. I'm sorry. And the issue is before the court. Sorry. My objective observer knows everything. He prosecuted him before on a conviction that is now before the court at sentencing. Well, right. But the point is an objective observer would look at the facts at the time of recusal and the ultimate issue at the time of recusal and know that Judge Conrad can make an evidentiary decision or a suppression motion decision or a sufficiency of the evidence decision and doesn't have any reason to favor one party or another. What's notable is the defendant has not alleged that the appearance of favoritism exists. There are certainly plenty of examples to make that kind of allegation. He has not alleged that Judge Conrad did something wrong in 1989, which Justice Souter said in the Boulder case. Of course, the judge would only be natural in reacting as an adversary if accused of wrongdoing. This is simply a fact that if a certain issue comes up, the judge might have knowledge. It's a lot like the Bocas-Boda case from the First Circuit where there was a nontrivial possibility that the judge's wife might have to testify at trial. And the court said, well, that's a possibility, but we can't grant mandamus on this. And this court has taken very seriously something that Judge Richardson mentioned. It takes very seriously the requirement that it be clear and undisputable. In the Mosawi case, which this court began by saying this is an extraordinarily important appeal that pits the rights of a defendant against the obligation and duties to protect national security. And there was a real allegation that producing this witness would destroy relationships with other countries. And the court said, we can't decide this because the issue is complex and the outcome is not readily apparent. We can't decide it on mandamus. And that's a very strong standard, and it's not met here. Because not only are the issues not clear, they're really not right. And the appeal. So just on mandamus, I feel like I'm hearing you making three separate arguments, and I just want to make sure I'm right about this. One is it's not clear and undisputable. One is it's speculative, which might sort of go to our discretion. And then a third one is in any way relief is available on direct appeal. That's a very fair summary, Your Honor. Okay. If there's no further questions, I see my time is up. I would ask that this court deny the extraordinary writ of mandamus in this case. Thank you very much. Court is adjourned. Ms. Baldwin. The government has now told us the district judge cannot preside over a sentencing in this case because the judge has a three-strikes predicate that could determine the sentence only when the defendant submits evidence on that 1989 bank robbery he prosecuted. That is not how 455B1 works. Because the very decision on what evidence to present and what arguments to make are going to take into account the fact it's being presented to the prosecutor. Justice Souter, writing for the First Circuit, in In re Bulger, said we do not look at what evidence sits on the conflicting issue because the question is whether or not the decision maker himself has a conflict. So regardless of the substantive decision on that issue, the question is whether or not the district judge can make that decision. And now the government has said he cannot. And the government has said that this is premature. We should be waiting. But the problem is this is affecting the case now. This is influencing the case now. Sentencing exposure matters from a case's inception and it drives the parties' decisions in the case. The reality of the situation here is that the parties have to proceed in this case, decide their strategies, decide whether or not to make a plea offer, the terms, and to accept it based on the fact the judge currently assigned to preside over the case who is in the position to impose a mandatory life sentence is the one who prosecuted a three-strikes predicate. Now, mandamus is available. Mandamus is not dependent on the fact there is no direct appeal. If that were the case, mandamus would never issue because there is almost always going to be the possibility of appeal. There was the possibility of appeal in all of the mandamus cases where the courts granted it. And they did so in these judicial disqualification contexts because awaiting final appeal is not an adequate remedy. Now, mandamus is available to correct a clear abuse of discretion. And the district judge's ruling in this case is that his prior prosecution of a conviction that is subject to a specific conduct inquiry in this case to determine a mandatory life sentence has, quote, no bearing, unquote, on the sentencing. That is just wrong as a matter of law. What is the – I'm not at all saying you're right, but you used the term that mandamus requires a clear abuse of discretion. What are you relying on for that standard? That is the – excuse me. That is the Supreme Court's decision in Cheney versus District Court, District of Columbia. But Cheney, I mean, maybe, although Cheney indicates that mandamus in cases implicating separation of powers and executive power is a more readily granted standard. I don't want to drag you into a broader debate, but do you have cases that the clear abuse of discretion standard that Cheney announces in that limited context is as broad in the statutory context that do not involve the separation of powers concerns that were issued in Cheney? Sure. If you need more direct authority, I would say First Circuit's decision written by Justice Souter, N. Ray Bolger, where he said a petitioner establishes a clear and indisputable right to a writ of mandamus on judicial disqualification where he shows that the judge is clearly disqualified under 28 U.S.C. Section 455. So I get that clear and indisputable right, but maybe that's different than a clear abuse of discretion. I just want to understand which of those two you're contending is the appropriate standard for us to consider. Well, we're saying they're the same because an error of law is an abuse of discretion. So if 28 U.S.C. 455 requires a judge's recusal, a decision denying disqualification would be a clear error of law. Clear error of law takes care of it, in your view. Clear error of law takes care of the clear and indisputable right to a writ of mandamus. The other two factors are that awaiting final judgment is an inadequate remedy and that the equities otherwise convince this court mandamus is appropriate. And here, because the judge prosecuted a prior conviction that is subject to a conduct-specific inquiry to increase the statutory punishment to mandatory life, the disqualification under 28 U.S.C. Section 455b1 is clear. It is tainting the proceedings now. This court can correct that error, and it should. For those reasons, we ask that you grant the writ of mandamus. Thank you very much, Ms. Baldwin. We appreciate it. We're going to come down and greet counsel, and I'm going to take about a two-minute break.
judges: Robert B. King, Pamela A. Harris, Julius N. Richardson